**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| E.H.[1],<br><br>　　　　Petitioner,<br><br>　　v.<br><br>BILL DICKINSON,<br><br>　　　　Respondent. | Case No.: 1:24-cv-01166 JLT EPG (HC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 1, 11) |

　　　　E.H. proceeds *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his status as a ward of the court on the grounds that there was insufficient evidence to the findings that he violated Cal. Pen. Code §§ 243.4 and 647.6, for sexual battery and annoying or molesting a child. (Doc 1 at 4.) Petitioner exhausted these claims before the state on direct appeal. (*See id.* at 2; Doc. 11 at 7.)

　　　　The magistrate judge found Petitioner was not entitled to habeas relief on the grounds raised in his petition, because "the state court's denial of Petitioner's sufficiency of the evidence claims was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of fact." (Doc. 11 at 13; *see also id.* at 7-13.) In addition, the magistrate judge determined the state's "decision was not so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility

---

[1] Petitioner was a minor when the underlying incident for the challenged conviction occurred in 2021.

1

1 for fairminded disagreement." (*Id.*, internal quotation marks, citation omitted.)  Therefore, the
2 magistrate judge recommended the Court deny the petition.  (*Id.*)

3       The Court served the Findings and Recommendations on Petitioner and notified him that
4 any objections were due within 30 days.  (Doc. 11 at 13.)  The Court advised Petitioner the
5 "failure to file objections within the specified time may waive the right to appeal the District
6 Court's order."  (*Id.* at 14, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)
7 Petitioner did not file objections, and the time to do so expired.

8       According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.
9 Having carefully reviewed the matter, the Court concludes the Findings and Recommendations
10 are supported by the record and proper analysis.  Further, the Court declines to issue a certificate
11 of appealability.

12       A petitioner seeking a writ of habeas corpus does not have an absolute entitlement to
13 appeal, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S.
14 322, 335-36 (2003); 28 U.S.C. § 2253.  If a court denies a habeas petition on the merits, it may
15 only issue a certificate of appealability "if jurists of reason could disagree with the district court's
16 resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues
17 presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327;
18 *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While Petitioner is not required to prove the merits
19 of his case, he must demonstrate "something more than the absence of frivolity or the existence of
20 mere good faith on his … part."  *Miller-El*, 537 U.S. at 338.  The Court finds reasonable jurists
21 would not find the determination that the petition should be denied debatable or wrong, or that the
22 issues presented are deserving of encouragement to proceed further.  Because Petitioner does not
23 make the required substantial showing of the denial of a constitutional right, the Court declines to
24 issue a certificate of appealability.  Thus, the Court **ORDERS**:

25     1.    The Findings and Recommendations issued on January 17, 2025 (Doc. 11) are
26         **ADOPTED** in full.
27     2.    The petition for writ of habeas corpus (Doc. 1) is **DENIED**.
28     3.    The Court declines to issue a certificate of appealability.

4. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **February 26, 2025**

_____
UNITED STATES DISTRICT JUDGE